**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
FRANGIE ESPINAL, ON BEHALF OF            :
HERSELF AND ALL OTHER PERSONS            :   Civil Action No. 1:23-cv-08842-AT
SIMILARLY SITUATED,                      :
                                         :
                  Plaintiffs,            :   DEFENDANT ZELENKO LABS LLC'S
                                         :   ANSWER AND AFFIRMATIVE
         -against-                       :   DEFENSES
                                         :
ZELENKO LABS LLC,                        :
                                         :
                  Defendant.             :
-----------------------------------------------------------x
```

Defendant Zelenko Labs LLC, by and through its undersigned counsel of record, responds to Plaintiff Frangie Espinal's Complaint (Dkt. No. 1) as follows:

## INTRODUCTION[1]

1. In response to Paragraph 1 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

2. In response to Paragraph 2 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

3. In response to Paragraph 3 of the Complaint, Defendant asserts that it is without knowledge, that the alleged document speaks for itself, and otherwise denies the allegations of the paragraph.

---

[1] The headings used throughout Defendant's Answer simply repeat the headings in Plaintiff's Complaint for the convenience of the reader and do not and should not constitute a waiver or admission of any point of law or fact by the Defendant.

RANDAZZA | LEGAL GROUP

4.      In response to Paragraph 4 of the Complaint, Defendant asserts that it is without knowledge, that the alleged document speaks for itself, and otherwise denies the allegations of the paragraph.

5.      In response to Paragraph 5 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

6.      Defendant denies the allegations in paragraph 6 of the Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

**JURISDICTION AND VENUE**

9.      In response to Paragraph 9 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

10.      In response to Paragraph 10 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

11.      In response to Paragraph 11 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

12.      Defendant denies the allegations in paragraph 12 of the Complaint.

13.      Defendant denies the allegations in paragraph 13 of the Complaint.

RANDAZZA | LEGAL GROUP

14.     In response to Paragraph 14 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

## THE PARTIES

15.     In response to Paragraph 15 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

16.     In response to Paragraph 16 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

17.     In response to Paragraph 17, Defendant admits that it is a Florida limited liability company with a principal place of business located at 9045 La Fontana Blvd Suite 105, Boca Raton, FL 33434. Defendant admits that it operates the Zelenko business. Defendant denies the remainder of the paragraph.

18.     In response to paragraph 18 of the Complaint, Defendant admits that it operates the Zelenko website and sells products to consumers online. Defendant denies the remainder of the paragraph.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

## NATURE OF ACTION

20.     In response to paragraph 20 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

21.     In response to paragraph 21 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

22.     In response to paragraph 22 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

23.     In response to paragraph 23 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

24.     In response to paragraph 24 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

25.     In response to paragraph 25, including subparagraphs (a)-(q), of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

**STATEMENT OF FACTS**

**Defendant's Barriers on Its Website**

26.     In response to paragraph 26 of the Complaint, Defendant admits that it operates the website https://zstacklife.com/. Defendant denies the remainder of the paragraph.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

29.     In response to paragraph 29 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

30.     In response to paragraph 30 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     In response to paragraph 33 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph .

- 4 -

RANDAZZA | LEGAL GROUP

34.     In response to paragraph 34 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Defendant asserts that it is without knowledge and therefore denies the allegations of the paragraph.

**Defendant Must Remove Barriers To Its Website**

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note that the statute otherwise speaks for itself.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     In response to paragraph 48 of the Complaint, Defendant admits that it has invested money in developing and maintaining its website and that it derives revenue through its website. Defendant denies the remainder of the allegations in the paragraph.

RANDAZZA | LEGAL GROUP

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

## CLASS ACTION ALLEGATIONS

50.     In response to Paragraph 50 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

51.     In response to Paragraph 51 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

52.     In response to Paragraph 52 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

53.     In response to Paragraph 53 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

54.     In response to Paragraph 54 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

55.     In response to Paragraph 55 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

56.     In response to Paragraph 56 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

57.     In response to Paragraph 57 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

58.     Defendant reasserts its responses to the prior paragraphs as if set forth fully herein.

59.     In response to Paragraph 59 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

60.     In response to Paragraph 60 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

61.     In response to Paragraph 61 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

62.     In response to Paragraph 62 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

63.     In response to Paragraph 63 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

RANDAZZA | LEGAL GROUP

64.     In response to Paragraph 64 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

65.     In response to Paragraph 65 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE NYSHRL

66.     Defendant reasserts its responses to the prior paragraphs as if set forth fully herein.

67.     In response to Paragraph 67 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

68.     In response to Paragraph 68 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

69.     In response to Paragraph 69 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

70.     In response to Paragraph 70 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

71.     In response to Paragraph 71 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

72.     In response to Paragraph 72 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

73.     Defendant denies the allegations in paragraph 73 of the Complaint.

74.     In response to Paragraph 74 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

75.     In response to Paragraph 75 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

76.     In response to Paragraph 76 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

77.     In response to Paragraph 77 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

78.     In response to Paragraph 78 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

79.     In response to Paragraph 79 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

80.     In response to Paragraph 80 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF THE NYCHRL

81.     Defendant reasserts its responses to the prior paragraphs as if set forth fully herein.

82.     In response to Paragraph 82 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

83.     In response to Paragraph 83 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

84.     In response to Paragraph 84 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

85.     In response to Paragraph 85 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

86.     In response to Paragraph 86 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph, except to note the statute speaks for itself.

87.     In response to Paragraph 87 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     In response to Paragraph 89 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

90.     In response to Paragraph 90 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

91.     In response to Paragraph 91 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

92.     In response to Paragraph 92 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

93.     In response to Paragraph 93 of the Complaint, Defendant asserts that the paragraph is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of the paragraph.

RANDAZZA | LEGAL GROUP

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendant's affirmative defenses set forth herein are based solely upon Plaintiff's allegations in the Complaint, which do not describe the events and claims therein with sufficient particularity to enable Defendant to determine all of the defenses that might exists to the claims. Without these and other details, Defendant cannot respond further to Plaintiff's Complaint. Therefore, Defendant reserves the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative defenses herein as additional information is obtained by Defendant.

Defendant asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to Plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Defendant, that denial does not indicate that Plaintiff is relieved of her burden to prove each and every element of any such claims or that Defendant has assumed any burden of proof. Defendant hereby gives notice that its intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Defendant has not completed discovery.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

RANDAZZA | LEGAL GROUP

### Second Affirmative Defense

Upon information and belief, Plaintiff and her attorney commenced this action for the sole purpose of asserting a claim for attorneys' fees. Plaintiff could have, but chose not to, provide notice and an opportunity to cure any of the conditions alleged in the Complaint, which would have avoided the need to incur attorneys' fees, as well as the unnecessary waste of judicial resources. As such, Plaintiff is not entitled to recover attorneys' fees.

### Third Affirmative Defense

Plaintiff lacks standing and her claims are moot, and the Court otherwise does not have subject matter jurisdiction over the claims alleged in the Complaint.

### Fourth Affirmative Defense

The conditions alleged in the Complaint are *de minimis* and do not violate federal, state, or local law.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies, and to the extent that Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statue(s), rule(s) and/or act(s).

### Sixth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, unjust enrichment, laches, and waiver.

- 13 -

### Seventh Affirmative Defense

The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff are impractical, technically infeasible, and are not readily achievable, and, therefore, are not required by any statute, rule, or regulation.

### Eighth Affirmative Defense

The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff would place an undue burden on Defendant and, therefore, are not required by any statute, rule, or regulation.

### Ninth Affirmative Defense

Plaintiff's claims are barred because she has suffered no damages, injuries, or losses of any kind of character.

### Tenth Affirmative Defense

Plaintiff's claims are barred to the extent that multiple claimed violations of the alleged statute(s), rule(s) and/or act(s) are properly considered to be one violation.

### Eleventh Affirmative Defense

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendant's website, and, if she visited the website, she visited it solely for the purposes of initiating this action.

### Twelfth Affirmative Defense

Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services at Defendant's website.

RANDAZZA | LEGAL GROUP

### Thirteenth Affirmative Defense

The items identified by Plaintiff are not barriers to access and do not otherwise prevent enjoyment of Defendant's website.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred to the extent she is a vexatious litigant.

### Fifteenth Affirmative Defense

Any entitlement to attorneys' fees claimed by are barred or mitigated because Plaintiff is a vexatious litigant.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that she is not, upon information and belief, a qualified individual with a disability.

### Seventeenth Affirmative Defense

Existing alternatives provide substantially equivalent or greater access to Defendant's website, and the website is accessible to the maximum extent feasible.

### Eighteenth Affirmative Defense

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because she, a plaintiff who filed 33 nearly identically-worded complaints, has no actual intent to return to Defendant's website or to use Defendant's goods or services, depriving Plaintiff of standing and, therefore, this Court of subject matter jurisdiction. *See Calcano v. Cole Haan LLC*, 2021 U.S. Dist. LEXIS 41734, *4-5 (Mar. 5, 2021)(Torres, U.S.D.J.)(dismissing serial plaintiff's discrimination claim for lack of standing where serial plaintiff could not show actual intent to return).

### Nineteenth Affirmative Defense

Defendant is not subject to personal jurisdiction in New York.

RANDAZZA | LEGAL GROUP

### Twentieth Affirmative Defense

Venue in the U.S. District Court for the Southern District of New York is improper.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court grant the following relief:

A.     That judgment be rendered in favor of Defendant with respect to all counts and causes of action set forth in Plaintiff's Complaint;

B.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

C.     That Plaintiff takes nothing by reason of her Complaint;

D.     That Defendant be awarded its fees and costs incurred in defense of this action; and,

E.     For all other relief as the Court deems just and proper.


Dated: November 13, 2023.          Respectfully Submitted,

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
Email: jmw@randazza.com

Attorney for Defendant
Zelenko Labs LLC

RANDAZZA | LEGAL GROUP

Civil Action No. 1:23-cv-08842-AT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)

- 17 -

RANDAZZA │ LEGAL GROUP