**GOTTLIEB & ASSOCIATES**
ATTORNEYS

150 E. 18th St., Suite PHR · New York, NY 10003
Tel (212) 228-9795 · Fax (212) 982-6284
NYJG@aol.com

December 13, 2023

**VIA ECF**
The Honorable Analisa Torres
United States District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      *Re:* *Espinal v. Zelenko Labs LLC,*
         Case No. 1:23-cv-8842

Dear Judge Torres,

  Counsel for Plaintiff, Frangie Espinal, On Behalf of Herself and All Other Persons Similarly Situated ("Plaintiff"), and Counsel for Defendant, Zelenko Labs LLC, ("Defendant") (collectively, the "Parties") in the above-referenced matter write pursuant to Your Honor's Order on October 11, 2023 (Dkt. 6). The Parties are in agreement with respect to the proposed discovery deadlines and do not believe an Initial Conference is necessary at this time.

  **1. Brief Statement of the Nature of the Action and Principal Defenses**

Plaintiff's Statement:

  This is a website accessibility case under Title III of the Americans with Disabilities Act, and state and local laws. Defendant owns and operates the website https://zstacklife.com/, (the "Website") and advertises, markets, distributes, and/or sells its services in New York State. The Plaintiff is legally blind and cannot use a computer without the assistance of screen-reading software: this is software that vocalizes the visual information found on a computer screen or displays the content on a Braille display. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to purchase the Z-Flu™ health supplement and other products available online. As a result, the Plaintiff was unable to access vital information relating to pricing, shipping, ordering merchandise and return and privacy policies on their website and therefore she was denied access to the website equal to sighted individuals.

Defendant's website is a place of public accommodation in and of itself because its Website is wholly interactive and it participates in New York's economic life by clearly performing business over the Internet. Through its Website, Defendant entered into contracts for the sale of its products and services with residents of New York. These online sales contracts involve, and require, Defendant's knowing and repeated transmission of computer files over the Internet. *See Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018) (exercising personal jurisdiction over forum plaintiff's website accessibility claims against out-of-forum website operator); *Andrews v. Blick Art Materials*, LLC, 286 F. Supp. 3d 365 (E.D.N.Y. 2017).

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, <u>every</u> District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.*

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

<u>Defendant's Statement</u>

Plaintiff is a serial ADA plaintiff with over 30 cases filed in this District in the past year, none of which appear to have been significantly litigated. Defendant believes that Plaintiff did not actually intend to make a purchase on the website nor that Plaintiff intends to return to the website. Moreover, prior to Plaintiff's purported visit to the website, Defendant utilized a third-party vendor, Accessible, to ensure that its website was ADA compliant, to the extent a website may be deemed subject to Title III of the ADA, which Defendant denies. Courts in this Circuit have agreed that mere websites with no brick-and-mortar store are not places of public accommodation under the statute. *See, e.g., Winegard v. Newsday LLC*, 556 F.Supp.3d 173, 174 (E.D.N.Y. 2021) (the "ADA excludes, by its plain language, the websites of business with no public-facing, physical retail operations from the definition of 'public accommodations'"), and *Martinez v. Mylife.com, Inc.*, No. 21-CV-4779 (BMC), 2021 U.S. Dist. LEXIS 210585, at *2 (E.D.N.Y. Nov. 1, 2021) (the plain text of Title III "contemplates inclusion of only businesses

with a physical location").

Moreover, there is no merit to Plaintiff's claims. The website is accessible to Plaintiff and others similarly situated; his complaints as to accessibility are *de minimis*; if Plaintiff actually wanted to make a purchase, she could have. She and the putative class have suffered no damages, and class certification is inappropriate.

Defendant does not concede, but will not contest here, Plaintiff's statement regarding the statutory basis for jurisdiction and venue in the interest of achieving finality. However, to the extent it speaks to subject-matter jurisdiction, Plaintiff lacks standing. Mere allegations of frustration and humiliation (Complaint at ¶ 31) are not a concrete injury to confer standing. *See Laufer v. Ganesha Hosp. LLC,* 2022 U.S. App. LEXIS 18437 (2d Cir. Jul. 5, 2022) citing *Harty v. West Point Realty, Inc.,* 28 F.4th 435 (2d Cir. 2022). Mere ADA website testers, such as the plaintiffs in *Laufer* and *Harty* do not suffer an injury in fact sufficient to confer Article III standing. Defendant expects to show that Plaintiff has no actual intent to return to Defendant's website or to use Defendant's goods or services, depriving Plaintiff of standing and, therefore, this Court of subject matter jurisdiction. *See Calcano v. Cole Haan LLC*, 2021 U.S. Dist. LEXIS 41734, *4-5 (Mar. 5, 2021)(Torres, U.S.D.J.)(dismissing serial plaintiff's discrimination claim for lack of standing where serial plaintiff could not show actual intent to return).

## 2. Contemplated Motions

Plaintiff's Response

Following the close of discovery, Plaintiff anticipates making a Summary Judgment motion as well as a motion for Class Certification. Additionally, Plaintiff anticipates that a trial in this matter would last no more than 3-5 days.

Defendant's Response

Defendant anticipates moving for dismissal per Fed. R. Civ. P. 12(h) following the deposition of Plaintiff. Following the close of discovery, Defendant anticipates making a Summary Judgment motion. Upon being awarded judgment, Defendant anticipates moving for an award of attorneys' fees as a prevailing party. Should this matter reach trial, Defendant concurs with Plaintiff's trial estimate.

## 3. Prospect for Settlement

Upon the appearance of counsel for Defendant, Plaintiff made a settlement proposal. Defendant, however, desires a judicial resolution, and settlement is not likely.

We sincerely thank Your Honor and this Court for its time and attention to this matter.

Respectfully submitted,

*/s/Michael A. LaBollita, Esq.*

Michael A. LaBollita, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, NY 10003
Phone: (212) 228-9795
Fax: (212) 982-6284
Michael@Gottlieb.legal
*Attorneys for Plaintiffs*


*/s/Jay M. Wolman*

Jay M. Wolman (JW0600)
Randazza Legal Group PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Phone: 702-420-2001
jmw@randazza.com
*Attorneys for Defendant*